**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 26 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MANUEL GALLARDO-MORENO,
also known as Manual Arturo-Moreno,
also known as Robert Hernandez

Defendant-Appellant.

No. 04-8050

District of Wyo.

(D.C. No. 03-CR-146-ABJ)

---

**ORDER AND JUDGMENT** [*]

---

Before **KELLY** , **HENRY** , and **TYMKOVICH** , Circuit Judges. [**]

---

Defendant-Appellant Manuel Gallardo-Moreno was tried and convicted of

re-entering the United States as a previously deported alien in violation of 8

U.S.C. §§ 1326(a) and (b)(2) and falsely representing a social security number in

violation of 42 U.S.C. § 408(a)(7)(B).  At trial, Gallardo-Moreno declined to

---

[*]  This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

[**]  After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

testify because the district court had previously ruled that it would exclude as irrelevant evidence of where he grew up, where he went to school, and where his relatives live. He argues on appeal that the district court's ruling violated his right to testify on his own behalf. We affirm.

## Background

In July 2003 Gallardo-Moreno was arrested in Wyoming and subsequently charged with re-entering the United States as a previously deported alien in violation of 8 U.S.C. §§ 1326(a) and (b)(2) and falsely representing a social security number in violation of 42 U.S.C. § 408(a)(7)(B). According to a pre-trial motion filed by the government in limine, Gallardo-Moreno had hoped to testify as to where he grew up, went to school, and where his family resides. The government argued that the district court should exclude such testimony as irrelevant under Fed. R. Evid. 401 and prejudicial under Fed. R. Evid. 403. The court ruled that such evidence should indeed be excluded.

At trial, the court advised Gallardo-Moreno that he had a right to testify on his own behalf. He declined to do so, and was convicted on all counts. He then filed this timely appeal.

## Analysis

We review evidentiary rulings for abuse of discretion, *United States v. Gorman*, 312 F.3d 1159, 1162 (10th Cir. 2003), and constitutional challenges de novo. *United States v. Sarracino*, 340 F.3d 1148, 1158-59 (10th Cir. 2003).

Defendants have a right under the Fifth and Sixth Amendments to testify on their own behalf. *Rock v. Arkansas*, 483 U.S. 44, 51-52 (1987). This does not mean, however, that the Constitution "prevents a trial judge from imposing any limits" on a defendant's testimony. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). "On the contrary, trial judges retain wide latitude . . . to impose reasonable limits . . . based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Id.*

The elements of an 8 U.S.C. § 1326(a) offense are that (1) the defendant is an alien (2) who was arrested and deported and (3) thereafter was voluntarily and knowingly in the United States (4) without the permission of the Attorney General. *United States v. Martinez-Morel*, 118 F.3d 710, 713 (1997). An 8 U.S.C. § 1326(b)(2) offense requires the government to prove in addition that the defendant's removal "was subsequent to a conviction for commission of an aggravated felony." The elements of a 42 U.S.C. § 408(a)(7)(B) offense are that the defendant (1) for any purpose, (2) with intent to deceive, (3) represented a particular social security account number to be his or another person's, (4) which

representation was false. *United States v. Darrell*, 828 F.2d 644, 647 (10th Cir. 1987). Gallardo-Moreno wanted to introduce evidence that he grew up in Wyoming, went to school and learned the Pledge of Allegiance in Wyoming, had lived in Wyoming all his life, learned English in Wyoming, and that his sisters are American citizens living in Wyoming.

The district court ruled that such evidence "lack[ed] any real relevance" to the charged offenses, was "likely to consume substantial time," and had "some likelihood to confuse the jury." We agree that none of the evidence that Gallardo-Moreno wanted to introduce was relevant to any of the elements of the foregoing offenses. The district court therefore did not abuse its discretion in granting the motion in limine.

We therefore AFFIRM the decision below.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge